GREEN, Appellant, v. ALUMINUM LINE AND NEW AMSTERDAM CAS- UALTY CO.

(June 21, 1926. Opinion and Decree.)
(July 19, 1926. Rehearing Refused.)
(Cause transferred to Supreme Court.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Courts—Par. 126, 128.**

This court has no jurisdiction of a claim exceeding $2000.00 for compensation for physical injuries suffered by an employee, not based upon Article C. C. 2315 or upon the Employer's Liability Acts, but upon an agreement made after the injury that the rights and liabilities of the employer and employee shall be measured by Act 20 of 1914 and amendments thereto.

Appeal from Civil District Court. Hon. Hugh C. Cage, Judge.

Action by Stewart Green against Aluminum Line and New Amsterdam Casualty Co.

There was judgment for defendants and plaintiff appealed.

Cause transferred to Supreme Court.

Gordon Boswell, Milo B. Williams, of New Orleans, attorneys for plaintiff, appellant.

Frank T. Doyle, of New Orleans, attorney for defendants, appellees.

CLAIBORNE, J.   This is a suit for compensation.

The plaintiff alleged that the defendants, the Aluminum Line, were engaged in the stevedoring business at Baton Rouge and the New Amsterdam Casualty Company does a general casualty and liability insurance business; that on October 20, 1923, plaintiff was in the employ of the Aluminum Line in the capacity of a laborer in the stevedoring business at $4.00 a day; that while so engaged in loading a cargo from a barge to a ship, plaintiff was struck by a sling load which was being swung from the barge to the ship by a winch, block and fall, was knocked to the deck of the barge, crushed and bruised, and had both bones of his left forearm fractured; that the New Amsterdam Casualty Company had insured the Aluminum Line against liability for such accidents and had agreed to pay according to Act 20 of 1914 and that the contract of hiring of plaintiff was made with reference to the provisions of said act; that when plaintiff made demand of the Aluminum Company for compensation for the injuries suffered by him he was informed by it that his rights, according to the above agreement between the defendants, were measured by Act 20 of 1914 and the amendments thereto; that plaintiff acquiesced in said agreement; that the Casualty Company computed plaintiff's damages at sixty per cent of his wages of $24.00 a week, or $14.40 a week, as provided by said Act, and paid him at that rate for thirty weeks, or $432.00; that notwithstanding plaintiff's disability to do work of any reasonable character will continue for an unknown duration, the said defendants declined to pay plaintiff additional compensation "to which he is entitled by virtue of the said stipulation, agreement or contract between the parties defendant, the terms of which were accepted by petitioner, as aforesaid, as the sole measure of defendants' legal liability to him".

Plaintiff therefore prayed for "judgment in favor of petitioner and against the defendants in solido for $14.40 per week, payable weekly, from May 23, 1924, with legal interest on each component part from the date due until paid for a period not exceeding 400 weeks, subject to a credit for thirty weeks heretofore paid", and for $200.00 medical attention.

This claim in fact and according to plaintiff's petition amounts to $5,528.00.

This claim is not based upon the Employers' Liability Acts of this state or of the United States. If it was, this court would have jurisdiction as far as the amount is concerned. But it clearly appears by the petition, and it is admitted by plaintiff's counsel in argument that the claim is based exclusively upon the agreement and contract between the plaintiff and the two defendants that the amount of his compensation and of their liability shall be measured by the Employers' Liability Acts of this state. Inasmuch as this court is vested with jurisdiction in demands exceeding $2000.00 only in compensation cases under the laws of this state it follows that this court has no jurisdiction of demands for compensation exceeding $2000.00 based upon contracts, even if the rights and liabilities under such contracts shall be measured by the state compensation laws. No. 9060 Orl. App.

This want of jurisdiction was not raised by counsel in the case, but was noticed by one of the judges of this court.

This court is without jurisdiction of this case.

It is therefore ordered in pursuance of Act 56 of 1904, p. 135, as amended by Act 19 of 1912, p. 25, that this cause be transferred to the Supreme Court of this state,

provided the appellant shall file in the Supreme Court within sixty days from this date a transcript of this cause prepared in accordance with the rules prescribed by the Supreme Court for transcripts of appeal from the district courts to said court, together with a copy of this order; otherwise that the appeal herein be dismissed.

The costs of this appeal to this court to be paid by the appellant.